FILED
CLERK

4:55 pm, Feb 07, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X            For Online Publication Only

ADRIENNE BROWN, HENRY MULLIGAN,
CHRISPHER BRANDL,

                       Plaintiff,                                         **MEMORANDUM & ORDER**

            -against-                                            23-CV-6636(JMA) (AYS)

SUFFOLK COUNTY POLICE DEPARTMENT, *et al.*,

                       Defendants.
----------------------------------------------------------------------X

JOAN M. AZRACK, District Judge:

      Before the Court is the *pro se* complaint signed by only one of the three co-plaintiffs, Adrienne Brown ("Brown" or "Plaintiff"), and her application to proceed *in forma pauperis*. (*See* Docket Entries "D.E." 1-2.) The other individuals included in the caption as co-plaintiffs, Chrispher Brandle ("Brandl") and Henry Mulligan ("Mulligan"), were notified by Notice of Deficiency dated September 12, 2023 that "[e]ach plaintiff named in the caption must sign the complaint and each plaintiff must complete a separate IFP application and/or Prisoner Authorization form, if applicable." (D.E. 7.) Rather than file a signed copy of the complaint or an amended complaint, Brandl and Mulligan each filed a second application to proceed *in forma pauperis* and Mulligan also filed a Prisoner Authorization form. (D.E. 3-4, 8-11.)[1]

      Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented." Thus, any claims alleged by or on behalf of Brandle and Mulligan are dismissed without prejudice given that neither have

---

[1] These handwritten submissions (D.E. 3-4, 8-10) appear to have been written by the same individual and that handwriting appears to match that of Brown. (*See* D.E. 1-2.)

signed the complaint and they were afforded ample opportunity to do so.[2]  Thus, the applications to proceed *in forma pauperis* filed by Brandle and Mulligan are denied without prejudice as they are not necessary in the absence of a signed complaint.  However, upon review of Brown's application to proceed *in forma pauperis*, the Court finds that her financial position as reported in her application, qualifies her to commence this action without prepayment of the filing fee.  Accordingly, Brown's application to proceed *in forma pauperis* is granted.  However, for the reasons set forth below, the complaint does not allege a plausible claim for relief.  Accordingly, the complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and with leave to file an amended complaint as set forth below.

**I.      THE COMPLAINT**

Plaintiff's brief, handwritten complaint is submitted on the Court's general complaint form and names as defendants the Suffolk County Police Department (the "SCPD"); two Suffolk County Police Officers alleged to work from the Third Precinct, Officer Phillips Osten ("P.O. Osten") and Officer Kassey O'Leary ("P.O. O'Leary"); and unidentified Suffolk County Police "Officers & Sgt. Etc." ("John Does" and collectively with SCPD, P.O. Osten, and P.O. O'Leary, "Defendants").  Although Plaintiff checked the box on the form complaint to invoke this Court's federal question subject matter jurisdiction, she has not included the "federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" as the form requires.  (Compl. ¶ II. A.)  Rather, Plaintiff wrote "Civil Right Violation &

---

[2]     Nor can Brown, a non-lawyer, pursue claims on their behalf because plaintiffs "may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.

Harassment." (*Id.*)   In its entirety, Plaintiff's statement of claim alleges:[3]

> A unlawful traffic stop brought fourth a violation of my civil right as well the rights of two other passengers whom witch also feel their civil rights where also violated.   On August 20, 2023 in Central Islip N.Y. 11722 at approximately 3:20 3:30 AM on the side of the Central Islip High School.   Was stop for "said" broken Lic. plate Light Pct. Officer O'Leary, Kassey ect.

Compl. ¶ III.   In the space on the form that calls for the relief sought, Plaintiff responded:

> We seek Relif in the amount of 3 million dollars due to the misconduct of Suffolk County Poilce Dept. & officers, whom seem to "repeat" "crimes" of violating all community members' civil right to bring forth case in the [indecipherable] community's.

*Id.* ¶ IV.

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of Plaintiff's application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this case without prepayment of the filing fee.   28 U.S.C. §1915(a)(1).   Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   *Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner,

---

[3]   Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.     Civil Rights Claims**

Affording the *pro se* complaint a liberal construction, it appears that Plaintiff intends to pursue civil rights claims pursuant to 42 U.S.C. § 1983 ("Section 1983").  Section 1983 provides that

4

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).  Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Cornejo, 592 F.3d at 127 (internal quotation marks omitted); see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).  In addition, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

1.      **Section 1983 Claims Against the SCPD**

The SCPD, as administrative arm of the municipality, Suffolk County, is a non-suable entity.  "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section

1983 claims because the "SCPD [is an] administrative arm[] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued."). Therefore, Plaintiff's claims against the SCPD are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). However, given Plaintiff's *pro se* status, the Court considers next whether she has alleged a plausible Section 1983 claim when construed as against Suffolk County. For the reasons that follow, she has not.

### 2. Section 1983 Claim as Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. See Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018); Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which Plaintiff complains was caused by some policy or custom of Suffolk County. Plaintiff alleges a single, isolated incident. Plaintiff claims only that P.O. O'Leary was involved in an allegedly unlawful traffic stop on August 20, 2023 at approximately 3:30 a.m. Compl. ¶ III. Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Suffolk County. See, e.g., Missel v. Cty. of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (Monell claim requires "factual allegations that would support a plausible inference that the [county's] 'policies' or 'customs' caused . . . violations . . . of rights.").

### 3. Personal Involvement

Plaintiff names P.O. Osten, P.O. O'Leary and John Does as defendants but alleges conduct attributable to a single individual - - P.O. O'Leary -- who Plaintiff appears to claim stopped the vehicle at issue for a broken license plate light. Compl. ¶ III. Plaintiff does not mention P.O. Osten or the John Does in the body of the complaint nor are there any factual allegations against any of them. Indeed, the only mention of these individuals is in the caption of the complaint. (See generally Compl.) As noted above, in order to allege a plausible § 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid, 593 F.3d at 249 (citing Farrell, 449 F.3d at 484)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names P.O. Osten, P.O. O'Leary, and the John Does as Defendants, her failure to include any factual allegations of conduct or inaction attributable to

7

them, or how any of them violated her civil rights renders her Section 1983 claims against them implausible. Nor do her sparse allegations include sufficient information such that the identities of the John Does could readily be ascertained by the Suffolk County attorney in accordance with <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*). Thus, Plaintiff has not alleged a plausible claim against any of the individual Defendants and these claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**D.      State Law Claims**

With regard to any state law claims that may plausibly be construed from the complaint, under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the

8

allegations in the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in state court.

### III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Here, the Court has carefully considered whether Plaintiff should be granted leave to amend her complaint. In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Memorandum and Order. Plaintiff shall: (1) clearly label her submission "Amended Complaint"; (2) include the same docket number as this Order, 23-CV-6636(JMA)(AYS); and (3) file it within thirty (30) days from the date of this Order. Plaintiff is cautioned that the Amended Complaint will completely replace the present complaint and, therefore, she must include all claims against any proper defendants she seeks to pursue in the Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each Defendant. Thus, for any individual that Plaintiff names as a defendant, she shall include factual allegations describing the conduct and/or inaction attributable to such individual(s), including the date, time, and location of any alleged interaction. Plaintiff must allege who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief. To the greatest extent possible, Plaintiff shall describe all relevant events, stating the facts that support Plaintiff's case, including what

9

each defendant did or failed to do and how each defendant's acts or omissions violated Plaintiff's rights.   If Plaintiff does not know the identity of any individual she seeks to hold liable, she may identify that defendant as "John Doe" or "Jane Doe" and shall provide sufficient factual information in support of her claims.

If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case will be closed.   Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone.   To make an appointment, Plaintiff may email the *Pro Se* Clinic at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

### IV.     CONCLUSION

For the foregoing reasons, any claims alleged on behalf of Mulligan and Brandl are dismissed without prejudice in light of their failure to sign the complaint. Thus, the applications to proceed *in forma pauperis* filed by Brandle and Mulligan are denied without prejudice as they are not necessary in the absence of a signed complaint.   Brown's application to proceed *in forma pauperis* is granted.   However, because the complaint does not allege a plausible claim for relief, it is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and with leave to file an amended complaint within thirty (30) days from the date of this order as set forth above.   If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall

enter and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record.

**SO ORDERED.**

Dated:   February 7, 2024
         Central Islip, New York          ____(/s/ JMA)_____
                                          Joan M. Azrack
                                          United States District Judge

11